

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Chas. A. Tosoh
County Auditor
Records Building
Dallas, Texas

Dear Sir:

Opinion No. 0-5934
Re: As neither the original
Dallas County Bonds, nor
the Refunding Bonds issued
in lieu thereof were au-
thorized and issued under
authority of either Chap-
ter 1, Title 18, Revised
Statutes, 1911, or Chapter
2, Title 22, Revised Sta-
tutes 1925, are the Refund-
ing Bonds now redeemable
under authority of the de-
cision of the Supreme Court
in Bexar County v. Sellers?

And related matters.

We have your request for an opinion as to whether
the following bonds are now redeemable under the opinion of
the Supreme Court in the case of Bexar County v. Grover Sel-
lers, Attorney General, et al., delivered by that Court on
February 23, 1944?

Dallas County Road and Bridge Refunding Bonds,
Series 1934-A, dated July 1, 1934;

Dallas County Road and Bridge Refunding Bonds,
Series 1934-B, dated July 1, 1934; and

Dallas County Viaduct Road and Bridge Refund-
ing Bonds, Series 1935, dated November 21, 1935.

Honorable Chas. A. Tosch - Page 2


The original bonds issued for road and bridge purposes were voted and issued under authority of the Dallas County Special Road Law, passed by the Legislature in 1905;

The original bonds voted for viaduct road and bridge purposes were voted and issued under authority of the Act of 1909, authorizing counties having a population of more than 50,000 to vote and issue bonds for the construction of causeways and viaducts;

Neither the Dallas County Special Road Law nor the Viaduct Law contains any provision with reference to the right of the county to redeem any such bonds prior to maturity nor are the provisions of the General Law, relative to county bonds, adopted by reference to the maturities or options of payment of any bonds voted and issued under these statutes;

The original bonds issued by Dallas County contained in the face thereof an option of redemption after ten years, and in 1934 and 1935 the Commissioners' Court refunded a part of the bonds, and issued the Refunding Bonds hereinabove mentioned.

The said Dallas County Road and Bridge Refunding Bonds, Series 1934-A, dated July 1, 1934 were issued to refund the following bonds then outstanding:

Road and Bridge Bonds, Series 3, dated September 10, 1911, which were issued under authority of the Dallas County Special Road Law (Chapter 41, Special Laws, Twenty-ninth Legislature, 1905);

Viaduct and Bridge Bonds, Series 3, dated February 10, 1914, which were issued under authority of Chapter 16, General Laws, Thirty-first Legislature, 1909, and Road and Bridge Bonds, Series 6, dated August 20, 1918, which were also issued under authority of the said Dallas County Special Road Law.

The said Dallas County Road and Bridge Refunding Bonds, Series 1934-B, dated July 1, 1934, were issued to refund an equal amount of Road and Bridge Bonds, Series 5, dated January 10, 1917, which were also issued under authority of the Dallas County Special Road Law;

617

The Dallas County Viaduct and Bridge Refunding Bonds, dated November 21, 1935, were issued to refund the following bonds then outstanding:

Viaduct and Bridge bonds, Series 1, dated September 10, 1909, which were issued under authority of Chapter 16, General Laws, Thirty-first Legislature 1909;

Road and Bridge Bonds, Series 2, dated September 10, 1909, which were also issued under authority of the said Dallas County Road Law; and,

Viaduct and Bridge Bonds, Series 2, dated November 10, 1909, which were also issued under authority of said Chapter 16, General Laws, Thirty-first Legislature, 1909.

All of said Refunding Bonds contain the following recital:

"This Bond is issued under and in strict conformity with the Constitution and laws of the State of Texas, particularly Chapter 163 of the General Laws passed by the Forty-Second Legislature, at its Regular Session in 1931, and in pursuance of an order duly passed by the Commissioners' Court of said County."

Chapter 163, 42nd Legislature is known as the "Bond and Warrant Law of 1931," and the pertinent portion of said law with respect to the issuance of refunding bonds is as follows: "Such Commissioners' Courts shall have the right at all times to issue refunding bonds for the refunding of any outstanding bonds legally issued and outstanding matured interest on any legally issued outstanding bonds, subject to laws applicable to the issuance of refunding bonds and without the necessity of any notice or right to referendum vote."

Now, the question arises as to what laws are applicable to the issuance of refunding bonds. If Articles 720 and 725 are included in the reference in the quotation above cited, we would have to hold that the Refunding Bonds under consideration would be redeemable at this time, but we are relieved

Honorable Chas. A. Tosch - Page 4

from so holding for the reason that in 1937, subsequent to the date of these Refunding Bonds, the Legislature passed a validating Act, same being found in Chapter 95, Acts Forty-fifth Legislature, the pertinent portion of same reading as follows:

"All actions heretofore taken by Commissioners' Courts and by governing bodies of Cities and Towns in the authorization, execution, issuance, and delivery of such funding and refunding bonds and such funding and refunding warrants, in attempted compliance with the provisions of Chapter 163, Acts of Regular Session of the Forty-second Legislature are hereby validated and all such funding and refunding securities issued pursuant to such actions are hereby validated . . . ."

In Road District No. 2 v. Gregory, 120 S. W. (2nd) 859 (writ refused), it was held that where the Commissioners' Court issued bonds containing a different option provision than that set out in the election proposition and the legislature thereafter validated the bonds and the orders authorizing their issuance, the validating act had the effect of confirming the bonds as they were issued and not as they were voted.

It is our opinion that the Refunding Bonds of Dallas County issued with serial maturities and without option of prior redemption and issued under the Bond and Warrant Law of 1931, have been validated as issued and are not redeemable at this time without the consent of the holders of such bonds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson

C. F. Gibson
Assistant

CFG/pw